J-S65008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DUANE SMITH | |
| Appellant | No. 1313 WDA 2015 |

Appeal from the PCRA Order July 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016177-1999

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 09, 2016**

Anthony Duane Smith appeals *pro se* from the trial court's order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  After careful review, we affirm.

On February 26, 2001, following a bench trial, the court convicted Smith of first-degree murder and sentenced him to life imprisonment without parole.  This Court affirmed the judgment of sentence on May 7,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

2004, and our Supreme Court denied Smith's petition for allowance of appeal on October 12, 2004. On September 28, 2005, Smith filed his first PCRA petition, which the court ultimately denied on February 15, 2008. Smith appealed that decision and this Court affirmed the PCRA court on December 16, 2008. Smith filed a second PCRA petition on April 25, 2012. On June 22, 2012, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss; Smith filed a response on September 6, 2012. On February 27, 2013, the PCRA court dismissed Smith's petition as untimely. Smith filed an appeal and this Court affirmed the PCRA court's order on May 6, 2014, finding the petition untimely and no section 9545(b)(1) timeliness exception applicable. *See Commonwealth v. Smith*, 548 WDA 2013 (Pa. Super. 2014) (judgment order filed May 6, 2014).

On October 17, 2014, Smith filed the instant PCRA petition, his third, *pro se*. After the court issued its Rule 907 notice, the court permitted Smith to file an amended petition. On July 15, 2015, the court denied Smith's petition. This appeal follows.

On appeal, Smith presents the following issues for our consideration:

(1)     Whether the PCRA Court erred in denying petitioner's PCRA Petition without an evidentiary hearing to allow the court to consider the testimony and reason why attorney Patrick J. Thomassey was ineffective by failing to submit Petitioner's newly discovered exculpatory evidence under 42 Pa.C.S. § 9543(a)(2)(iv) within the 60[-]day required time period, where Petitioner presented evidence that the affidavits w[ere] fax[ed] to attorney Patrick J. Thomassey within the exception codified at 42 Pa.C.S. § 9545(b)(1)(ii).

(2)  Did PCRA Counsel render deficient performance where Petitioner's PCRA petition raising newly/after discovered evidence was dismissed as untimely, due to PCRA counsel's failure to submit [a] PCRA petition within 60 days of receiving newly/after discovered evidence?

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." **Id**; **see also** 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003).

Instantly, Smith's judgment of sentence became final, for purposes of the PCRA, on January 10, 2005. Smith filed the current petition on October 17, 2014, more than nine years after his judgment of sentence became final. Thus, Smith's petition in facially untimely. 42 Pa.C.S.A. § 9545(b)(3). In

his Pa.R.A.P. 1925(b) statement, Smith claims that prior counsel was ineffective for failing to timely present two affidavits of witnesses, Lowery and Andrews, which would have provided exculpatory evidence and entitled him to a new trial.

Allegations of ineffective assistance of counsel cannot overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). *See also Commonwealth v. Murray*, 753 A.2d 201 (Pa. 2000) (court properly dismissed untimely PCRA petition claiming ineffectiveness for counsel's failure to file direct appeal, where defendant did not plead and prove applicability of time-bar exceptions).[2] Therefore, Smith has failed to properly plead and prove an exception to the PCRA time bar. Accordingly, the trial court properly denied his third, untimely petition.

Order affirmed.[3]

---

[2] We note that in his prior PCRA petition and collateral appeal, Smith argued that the PCRA court should have granted him an evidentiary hearing based on the testimony provided in Lowery's and Andrew's affidavits. That claim is the underlying substantive claim to his current ineffectiveness claim.

[3] To the extent that Smith's amended petition raises the "newly discovered evidence" exception (based on alleged statements made by Gregory Parker to a privately-hired investigator) to the PCRA's time bar provisions, we find that he has not preserved this claim on appeal. Not only does Smith fail to include that argument in his *pro se* brief, but he has also failed to include it in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2016